WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 454792
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1038

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN T. BUJAK, )<br>)<br>Defendant. )<br>) | Case No. 1:14-CR-00002-S-EJL<br><br>**GOVERNMENT'S FIRST MOTION TO CONTINUE TRIAL** |

The United States of America and Wendy J. Olson, United States Attorney for the District of Idaho, and Raymond E. Patricco, Assistant United States Attorney, respectfully submit the Government's First Motion to Continue Trial. Because both the prosecutor and the sole case agent in the above-captioned matter are currently in trial in the matter of *United States v. Douglas Swenson, et al,* 1:13-CR-00091-S-BLW, and the case is not expected to conclude before the existing March 25, 2014, trial date in this case, the Court, in the interests of justice, should grant the government's motion to ensure continuity of counsel.

**Government's First Motion to Continue Trial** – 1

I.  Facts

On January 14, 2014, the grand jury indicted the defendant in the above-captioned matter. On January 23, 2014, the defendant was arraigned before Magistrate Judge Bush. The government agreed to release the defendant on a personal recognizance bond and did not request supervision by Pretrial Services. A trial date of March 25, 2014, was set.

Undersigned counsel is trial counsel in *United States v. Douglas Swenson, et al,* 1:13-CR-00091-S-BLW, an 89-count securities fraud, wire fraud, and money laundering case before Judge Winmill. Further, the case agent in the instant case also is a case agent in the *Swenson* case.

Jury selection in the *Swenson* case was scheduled to begin on January 27, 2014. However, defense counsel was ill and requested a continuance. The continuance was granted and the trial began on February 3, 2014.

The parties had estimated that the trial would take approximately 8 weeks. The trial, then, would have concluded within the Speedy Trial period for this case.

However, the *Swenson* trial has been beset by significant delays. First, as stated above, the trial began a week late. Second, because of the Court and defense counsel's scheduling conflicts, the second week of trial consisted of only two full trial days and one half trial day (8:30 am to 11:30 am). The third week of trial will be truncated as well: there will only be three full trial days because of the federal holiday on Monday, February 17, 2014, and a defense attorney conflict on Friday, February 21, 2014.

Finally, the *Swenson* trial is proceeding far more slowly than the parties expected. As of the filing of this motion, the government has completed only two witnesses; the third witness remains on direct examination, which will resume on Tuesday, January 18, 2014. The government has approximately 114 witnesses on its witness list (it does not expect to call them all,

**Government's First Motion to Continue Trial** – 2

but will call many); the defendants have approximately 16 witnesses on their witness list and have committed in opening statements that they will call some of them.  At the current pace, the government expects the trial to last until the end of April or perhaps early May.

II.     Legal Standards

The Speedy Trial Act, 18 U.S.C. § 3161, requires trial of a criminal case to begin within 70 days of when a defendant first appears in court before a judicial officer.  Several provisions of the Act, however, set forth circumstances under which delays are excludable from computation of the seventy-day period.  18 U.S.C. § 3161(h).  Subsection (h)(7)(A) authorizes the Court to grant a party's request for a continuance and exclude time where it finds that "the ends of justice" served by granting the continuance "outweigh the best interest of the public and the defendant in a speedy trial."  In making an ends of justice determination under subsection (h)(8)(A), the Court is to consider, among other things, "[w]hether the failure to grant a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel."  18 U.S.C. § 3161(h)(7)(B)(iv).

Finally, no period of delay is excludable under the ends of justice provision unless the Court sets forth the reasons for its finding that the ends of justice served by granting a continuance outweigh the public's and the defendant's interests in a speedy trial.  18 U.S.C. § 3161(h)(7)(A). The period of delay must be specifically tied to the reasons for the delay.  *United States v. Lloyd*, 125 F.3d 1263 (9th Cir. 1997); *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994); *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990).

Where a party seeks a continuance on continuity of counsel grounds, the Ninth Circuit requires the district court to make an independent inquiry to "determine whether the various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to the trial calendars or other plans of counsel, and whether granting the requested continuance would" outweigh the public's and the defendant's interests in a speedy trial.

**Government's First Motion to Continue Trial** – 3

*Lloyd*, 125 F.3d at 1269.  In evaluating the government's interest in continuity of counsel, the Court is to examine a number of factors, including: (1) the size of the prosecutor's office; (2) whether there is another qualified prosecutor available; (3) how much special knowledge the first prosecutor has developed about the case; (4) how difficult the case is; and (5) how different it is from other cases generally handled by the United States Attorney's Office.  *Id.* at 1271.

III.    Argument

By this motion, the government is requesting approximately a 6-week continuance until the first week of June.  The government has contacted defense counsel and the defendant objects to this continuance.  Defense counsel advised the government that, if a continuance is granted, the defendant has a conflict from June 13 until June 27.

The ends of justice weigh in favor of granting the government's motion to ensure the continuity of counsel (and the case agent).  18 U.S.C. § 3161(h)(7)(A) and (B)(iv); *Lloyd*, 125 F.3d at 1269.  First, the United States Attorney's Office is relatively small and has limited qualified prosecutors available to handle this case.  *Lloyd,* 125 F.3d at 1269.  Three AUSAs are assigned to the *Swenson* trial: undersigned counsel, George Breitsameter, and Justin Whatcott.  Only six full-time line AUSAs remain in the United States Attorney's Office.  They are largely responsible for handling the Office's remaining caseload (as well as covering cases for the above AUSAs in the *Swenson* case).  Reassigning the instant case to one of them would stress the Office's already limited resources.  Second, undersigned counsel, and the case agent, alone investigated this case (although AUSA Marc Haws appeared, along with undersigned counsel, in the final grand jury proceeding on January 14, 2014).  Undersigned counsel examined all the witnesses in grand jury, conducted interviews of witnesses, and reviewed all the documents in the case.  He and the case agent possess special knowledge of the case.  *Id.*  Finally, while the case is not overly complex – a six count bankruptcy fraud, money laundering, and obstruction of justice

**Government's First Motion to Continue Trial** – 4

indictment – the case is high-profile and may involve a *pro se* defendant.[1]  Thus, it is somewhat different than the cases the United States Attorney's Office handles.  *Id.*  Simply, "the failure to grant a continuance . . . would unreasonably deny . . . the Government continuity of counsel" because undersigned counsel and the case agent will not be available to try the case on March 25, 2014, given their involvement in the *Swenson* trial.  18 U.S.C. § 3161(h)(7)(B)(iv).  This would prejudice the government.

By contrast, a continuance will result in little prejudice to the defendant.  He is not detained pending trial.  Indeed, the government agreed to release him on his own personal recognizance and without supervision by Pretrial Services.  While the government acknowledges that the defendant is a lawyer, and being under indictment might affect his ability to obtain new clients, the requested continuance of approximately 6 weeks is not an undue burden.  Accordingly, the government's interest in continuity of counsel outweighs the best interests of the defendant and the public in a trial within 70 days.  18 U.S.C. § 3161(h)(7)(A).

Conclusion

For the reasons set forth above, the Court should grant the government's first motion to continue the trial and set a trial date during the first week of June, 2014, if it is available to the Court.

Respectfully submitted this 14th day of February, 2014.

                                          WENDY J. OLSON
                                          United States Attorney
                                          By:

                                          _____
                                          /s/ Raymond E. Patricco
                                          Assistant United States Attorney

---

[1] The defendant represented himself at trial in previous criminal matters in Canyon County and Ada County.

**Government's First Motion to Continue Trial** – 5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2014, the foregoing Government's First Motion to Continue Trial was filed and served on below defense counsel via the Electronic Case Filing system:

    S. Richard Rubin
    Thomas Monaghan
    Federal Defender Services of Idaho
    Key Bank Building, Suite 1000
    702 West Main Street
    Boise, Idaho 83702

                                                /s/ Raymond E. Patricco