JOHN T. BUJAK, ISB#5544
BUJAK LAW GROUP, PLLC
372 S. Eagle Rd. #345
Eagle, Idaho  83616
Tel. (208) 578-4699
Fax. (208) 578-4698
Email: john.bujak@bujaklawgroup.com

Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-CR-00002-EJL |
| | ) | |
| vs. | ) | **DEFENDANT'S REPONSE TO** |
| | ) | **THE GOVERNMENT'S MOTION *IN*** |
| JOHN T. BUJAK, | ) | ***LIMINE* RE: PUNISHMENT** |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

COMES NOW, JOHN T. BUJAK, Defendant, and hereby submits the Defendant's Response to the Government's Motion *in Limine* Re: Punishment (Dkt. No. 29).  The Government has asked the Court to enter an order precluding the Defendant from offering evidence or making arguments regarding penalty or punishment in an attempt to gain sympathy from the jury.  The Defendant has no intention of improperly admitting evidence or making argument about penalty or punishment to the jury.  Further, the Defendant would stipulate that

**DEFENDANT'S RESPONSE TO
THE GOVERNMENT'S MOTION *IN*
*LIMIE* RE: PUNISHMENT**              1

the Court may instruct the jury, pursuant to the Ninth Circuit Model Criminal Jury Instructions 1.1, 3.1 and 7.4 which are referenced in the Government's Motion.

The Defendant would note, however, that the Government entered into plea negotiations with the Defendant's ex-wife in which she was offered and accepted a misdemeanor deal. The deal was signed before any formal charges were filed against the Defendant's ex-wife. The factual basis for the misdemeanor plea was essentially the same as the factual basis underlying the fraud allegations in this case. The Defendant believes the Government offered his ex-wife the misdemeanor deal so that she would waive any privilege, including spousal privilege and/or Fifth Amendment privilege, and agree to testify against the Defendant in a manner consistent with the Government's theory of the case. The Defendant also believes that his ex-wife was threatened that if she did not agree to testify, she would be charged with more serious felony offenses. Assuming the Defendant's beliefs are correct, it may become relevant and necessary to introduce evidence of the differences between felony and misdemeanor penalties to be able to explain why the Defendant's ex-wife would agree to testify as she has in this case in exchange for the misdemeanor deal. Such evidence would be admissible and relevant as to the issue of the credibility of the Defendant's ex-wife pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny.

DATED this 23rd day of April, 2014.

Respectfully Submitted,

/s/ John T. Bujak

_____
JOHN T. BUJAK
Defendant

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMIE* RE: PUNISHMENT**     2

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that, on April 23, 2014, the above document was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic filing to the following persons:

Kim Lindquist
Assistant U.S. Attorney

Joshua Hurwit
Assistant U.S. Attorney

                 /s/ John T. Bujak
                 _____
                 JOHN T. BUJAK
                 Defendant