JOHN T. BUJAK, ISB#5544
BUJAK LAW GROUP, PLLC
372 S. Eagle Rd. #345
Eagle, Idaho  83616
Tel. (208) 578-4699
Fax. (208) 578-4698
Email: john.bujak@bujaklawgroup.com

Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-CR-00002-EJL |
| | ) | |
| vs. | ) | **DEFENDANT'S REPONSE TO** |
| | ) | **THE GOVERNMENT'S MOTION *IN*** |
| JOHN T. BUJAK, | ) | ***LIMINE* RE: PRIOR TRIALS** |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

COMES NOW, JOHN T. BUJAK, Defendant, and hereby submits the Defendant's Response to the Government's Motion *in Limine* Re: Prior Trials (Dkt. No. 31).  The Government has asked the Court to enter an order precluding the Defendant from engaging in any *voir dire*, offering evidence or making arguments related to the prior state court criminal cases in which he was not convicted.

Generally, the Defendant has no intention of referring to the state court cases except if:

**DEFENDANT'S RESPONSE TO
THE GOVERNMENT'S MOTION *IN*
*LIMIE* RE: PRIOR TRIALS**              **1**

(1) his ex-wife testifies and her prior statements or testimony in or related to the state court cases becomes relevant for the purposes of impeachment or other cross examination; (2) he takes the stand to testify in his own defense and the Government elicits testimony about the state court cases which requires explanation during redirect examination; or (3) the Government enters any tangible or other evidence in its case-in-chief which requires explanation or clarification during cross-examination of a Government witness or during the Defendant's case-in-chief by referring to the state court cases or the investigations related thereto.

The Defendant notes that the Government, in its Motion, indicates that it may question the Defendant in the event he chooses to testify about matters related to the state court false evidence case and about his admission to contempt.  It is important to note that if the Court allows the Government to inquire about the state court false evidence case pursuant to F.R.E. 608(b), it could open the door to a "mini-trial" on the issue which would consume a lot of time and have a propensity to confuse the jury since the facts in that case have nothing to do with the facts in this case.  Further, since the Government would be challenging the Defendant's character for truthfulness, the Defendant would then be allowed to introduce evidence of truthful character pursuant to F.R.E. 608(a).  The presentation of such evidence would consume considerable time and involve the Defendant calling several witnesses to testify about the Defendant's general reputation for truthfulness.

Regarding the contempt charge, it is important to note that the contempt was brought as a "quasi-criminal" action in state court pursuant to Idaho Code §§ 7-601 *et seq.* and Idaho Rule of Civil Procedure 75.  See <u>Muthersbaugh v. Neumann</u>, 133 Idaho 677, 679, 991 P.2d 865, 867 (Ct. App. 1999).  It was not a criminal contempt action filed under Title 18 – Crimes and Punishment

– of the Idaho Code (I.C. § 18-1801 is the code section for misdemeanor criminal contempt in Idaho state court).  The contempt was charged for the Defendant's failure to timely comply with the requirements of the criminal discovery rules.  It was not charged based upon allegations of dishonesty or making a false statement.  Accordingly, evidence of the contempt action against the Defendant would not be properly admissible pursuant to F.R.E. 609(a)(2).

DATED this 23rd day of April, 2014.

Respectfully Submitted,

/s/ John T. Bujak
_____
JOHN T. BUJAK
Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 23, 2014, the above document was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic filing to the following persons:

Kim Lindquist
Assistant U.S. Attorney

Joshua Hurwit
Assistant U.S. Attorney

/s/ John T. Bujak
_____
JOHN T. BUJAK
Defendant